UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DRYWALL TAPERS AND POINTERS OF  :
GREATER NEW YORK LOCAL UNION 1974,  :
AFFILIATED WITH INTERNATIONAL UNION  :
OF ALLIED PAINTERS AND ALLIED  :
TRADES, AFL-CIO AND TRUSTEES OF THE  :
DRYWALL TAPERS AND POINTERS LOCAL  :
UNION NO. 1974 BENEFIT FUNDS,  :    21 Civ. 8081 (PAC)
         :
            *Petitioners*,  :
         :    **OPINION & ORDER**
    -against-  :
         :
PK INTERIORS A/K/A PK INTERIORS INC.,  :
         :
            *Respondent.*  :
         :
------------------------------------------------------------X

Petitioners bring this action to confirm an arbitration award entered in their favor after Respondent reportedly failed to pay certain benefits as required under its collective bargaining agreement. Before the Court is Petitioners' motion for summary judgment. Because Respondent has not appeared, and the time to answer the petition, and to oppose the motion, has lapsed, the motion is deemed unopposed.

For the following reasons, Petitioners' motion for summary judgment is **GRANTED**.

**BACKGROUND**

Petitioner Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO (the "Union") and Respondent PK Interiors a/k/a PK Interiors Inc. ("PKI") are each party to a collective bargaining agreement ("CBA"). (Drew Decl. ¶ 6, ECF No. 9; Ex. B at 41–42, ECF No. 2-2.) The CBA provides for the submission of disputes to arbitration. (*See* Ex. B at 19–21.) Under Article XIII, Section 3(c) of the CBA, arbitration awards rendered by the Joint Trade Board ("JTB") are

"binding . . . and judgment may be entered upon the award in accordance with applicable law in any court having jurisdiction thereof." (Ex. B at 21.)

The arbitration underlying this action concerned PKI's reported failure to submit fringe benefits to the Petitioner funds on behalf of Union members Alex Santiago Sr. and Ruben A. Duarte, as required under Article XX of the CBA. (*See* Ex. A at 3, ECF No. 2-1; Ex. B at 30–34.) In early June 2021, the Union filed with the JTB, and served upon PKI, an arbitration demand. (Drew Decl. ¶ 7; Kugielska Decl. ¶ 5, ECF No. 2; Ex. C, ECF No. 2-3.) The JTB held an arbitration hearing on June 10, 2021. (Ex. A at 2.) Although PKI did not appear, the hearing proceeded, and the JTB heard evidence from the Union. (*Id.* at 3.) Article XIII, Section 2(g) of the CBA provides that an arbitration hearing "may proceed in the absence of a party or representative who, after due notice, fails to appear."[1] (*Id.* at 20.)

Upon deliberation, the JTB found PKI "guilty for failure to submit fringe benefits," rendering a written award (the "Award") of $6,581.46 to be paid to the "Local 1974 Benefit Funds."[2] (*Id.*) Although a copy of the Award was delivered to PKI, PKI has neither complied with, nor commenced an action to vacate or modify, the Award. (Drew Decl. ¶¶ 10, 13; Kugielska Decl. ¶ 6; Ex. D, ECF No. 2-4; Ex. E, ECF No. 2-5.) PKI also has yet to appear in the instant action.[3]

---

[1] Section 2(g) further provides that "[a] decision and award of the . . . Joint Trade Board shall not be made solely on the default of a party." (Ex. B at 20.)

[2] This included $948.42 on behalf of Santiago and $5,633.04 on behalf of Duarte. (Ex. A at 3.)

[3] An affidavit attesting that PKI was served on October 1, 2021 was filed on October 20, 2021. (*See* ECF No. 7.) PKI has therefore failed to answer or otherwise respond within the 21-day time limit prescribed under Rule 12(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(a)(1). So too has it failed to timely file its opposition to Petitioners' motion for summary judgment, which was served on November 16, 2021 (*see* ECF No. 12) in accordance with Rule 5(b). *See* Fed. R. Civ. P. 5(b)(2); S.D.N.Y. Local Rule 6.1(b) (requiring opposition to civil motions, petitions, and applications to be filed within fourteen days of service); *Trustees of New*

## DISCUSSION

### A. Standard of Review

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (cleaned up). Typically, confirmation of an arbitral award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015) (internal quotations omitted). In reviewing arbitral awards, courts afford "great deference" to the arbitrator's determinations. *Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016). Where the parties have agreed that a court may enter judgment on an arbitral award, the court must grant confirmation "unless the award is vacated, modified, or corrected as prescribed" under the limited grounds set forth in 9 U.S.C. §§ 10, 11. *See* 9 U.S.C. § 9.

Generally, a district court must confirm an arbitral award so long as there is a "barely colorable justification for the outcome reached." *Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016). Applying this "limited review," an arbitrator need not have "explain[ed] the rationale for the award." *Drywall Tapers & Pointers of Greater New York Loc. Union 1974, Affiliated With Int'l Union of Allied Painters & Allied Trades, AFL-CIO v. CCC Custom Carpentry Corp.*, No. 20-CV-946 (ER), 2020 WL 4500180, at *2 (S.D.N.Y. Aug. 5, 2020). Rather, the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)).

---

*York City Dist. Council of Carpenters Pension Fund v. Allied Design & Constr.*, LLC, No. 17-CV-1752 (LAK), 2017 WL 11570457, at *1 (S.D.N.Y. June 27, 2017).

Summary judgment may be granted where the petitioner seeking confirmation of the award "has met its burden of demonstrating that no material issue of fact remains for trial." *Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008).

## B. Analysis

Petitioners have met this burden. The undisputed evidence establishes that PKI was bound by the CBA, which required both that it submit the benefits at issue in the parties' underlying dispute, and that it comply with the JTB's arbitral determination. Although duly notified of the arbitration demand, PKI did not appear at the ensuing hearing; likewise, although duly notified of the Award, PKI has yet to either comply with, or challenge, that Award. PKI has not opposed the instant petition or motion, and has raised no factual disputes. Because there is no material issue of fact, summary judgment is appropriate.

Further, the Award itself is valid. Although it does not provide an in-depth explanation for its conclusions, the Award articulates both its underlying factual predicate and the operative CBA provisions. To the extent portions of the JTB's reasoning are left unspoken within the four corners of the Award itself, these gaps are filled by the referenced CBA provisions, which detail how the benefits at issue are to be calculated. This is sufficient for the Award to survive the limited, deferential review this Court is instructed to apply. *See Drywall*, 2020 WL 4500180, at *2 (confirming an award absent any indication it "was made arbitrarily, that it exceeded the arbitrator's jurisdiction under the agreement, or that it was contrary to law").

Accordingly, Petitioners are entitled to confirmation of the Award in the amount of $6,581.46 payable to the "Local 1974 Benefit Funds."

## CONCLUSION

For the foregoing reasons, Petitioners' motion for summary judgment is **GRANTED**. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York  
December 13, 2021

SO ORDERED

*Paul A. Crotty*  
HONORABLE PAUL A. CROTTY  
United States District Judge